■ In the Matter of Max B. Powell, Petitioner, against Temporary State Housing Rent Commission, Respondent. John Kammerer, Appellant; Max B. Powell, Respondent.— Appeal from an order denying appellant's motion to vacate a final order in an article 78 proceeding and to remit the matter to the State Rent Administrator. The appellant was not a party to that proceeding, which was brought to review a determination of the State Rent Administrator granting a protest to an order of a Local Rent Administrator which granted a certificate of eviction. The final order sought to be vacated annulled the determination of the State Rent Administrator and directed the issuance of a certificate of eviction. Order unanimously affirmed, without costs. (Cf. *Matter of Brown, Harris, Stevens, Inc.,* v. *Abrams,* 2 A D 2d 376.) Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ.

■ In the Matter of the Probate of the Will of George Wenger, Deceased. Arline Wenger, Individually and as General Guardian of Samuel A. Wenger, et al., Appellants; Essie Wenger, as Executrix of George Wenger, Deceased, et al., Respondents.— Appeal from so much of a decree of the Surrogate's Court, Queens County, admitting a will to probate as decreed (1) that the opening of a savings bank account by the testator in trust for his son, Samuel Alton Wenger, born after the execution of the will, constituted a settlement within the meaning of section 26 of the Decedent Estate Law, and (2) that the after-born son is barred from taking an intestate share of the estate. Decree modified by striking therefrom the last two decretal paragraphs. As so modified, decree insofar as appealed from unanimously affirmed, with costs to all parties filing separate briefs, payable out of the estate. and without prejudice to such further proceedings as may be proper to adjudicate the rights of the infant Samuel Alton Wenger with respect to the estate. In our opinion, the learned Surrogate was without authority, on the record presented, to determine in this probate proceeding the rights of the after-born infant under section 26 of the Decedent Estate Law. (Surrogate's Ct. Act, § 40, subd. 8.) Whether the opening of the bank account constituted a settlement within the meaning of section 26 of the Decedent Estate Law was a question of fact, which should not have been decided in this probate proceeding without notice and without an opportunity to the interested parties to be heard thereon. The appeal is properly before us in behalf of the infant, an aggrieved party, who seeks relief through his general guardian, after his special guardian, appointed by the Surrogate, failed to appeal in his behalf. Under the circumstances disclosed, this court could, if necessary, appoint another special guardian to act in his behalf. There is no occasion to do so, however, since his general guardian has acted for him and obviously has no interest adverse to that of the infant on this appeal. Present — Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ.